CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSE JAIME-CARRANZA, | ) |
| | ) Civil Action No. 7:05-CV-00294 |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) By: Samuel G. Wilson |
| Respondent. | ) United States District Judge |

Petitioner Jose Jaime-Carranza brings this motion to correct his sentence pursuant to 28 U.S.C. § 2255, claiming that the recent Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005), renders his sentence illegal.[1] However, the Court did not make its decision in Booker applicable to cases on collateral review; therefore, the court will file and dismiss this motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**I.**

Carranza challenges his 46-month sentence for illegal re-entry into the United States[2] under the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Though the Court held that Booker applies to the Federal Sentencing Guidelines and to cases on direct review, it did not make Booker retroactive to cases on collateral review. Booker, 125 S. Ct. at 769. Therefore, the Court's decision in Booker is not applicable to Carranza's

---

[1] Carranza claims that the Supreme Court held that the sentencing guidelines are unconstitutional and not mandatory; however, he cites no case law in his petition. Therefore, the court construes Carranza's claims under Booker.

[2] Carranza pleaded guilty, and the court entered judgment March 7, 2003. Carranza did not appeal his conviction.

motion under § 2255 ¶ 6(3), and the court dismisses his petition.[3]

## II.

For the reasons stated, the court files and dismisses Carranza's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

ENTER: This __13th__ day of May, 2005.

                                                        UNITED STATES DISTRICT JUDGE

---

[3]Additionally, Carranza's petition is untimely. Pursuant to 28 U.S.C. § 2255, a petitioner must file his motion within one-year from the date his conviction becomes final. See 28 U.S.C. § 2255 ¶ 6(1). Carranza's conviction became final on March 21, 2003, ten days after the court entered its judgment, see Fed. R. App. P. 4(b), meaning he had until March 22, 2004, to file a § 2255 petition. Carranza did not meet this deadline, and he does not meet any of the conditions allowing for a later commencement of the statutory period. See 28 U.S.C. § 2255 ¶ 6(1).

2